IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-7-BO

| | |
|---|---|
| HOPE LORRAINE MINTZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 20, 22]. A hearing was held in Raleigh, North Carolina on March 27, 2015, at which the Commissioner appeared via video feed. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Commissioner's decision denying her claim for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Ms. Mintz filed her claim on January 13, 2009, alleging an onset date of October 13, 2008. [Tr. 18, 258–65]. Her claims were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on June 21, 2011, at which plaintiff and a vocational expert testified. [Tr. 32–61]. On July 18, 2012, the ALJ held a second hearing, at which she received testimony from an additional vocational expert and again from Ms. Mintz. [Tr. 62–78]. On July 27, 2012, the ALJ issued an unfavorable decision. The Appeals Council denied Ms. Mintz's request for review and the ALJ's decision became the final decision of the Commissioner. Ms. Mintz then timely sought review of the ALJ's decision in this Court.

1

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* To be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* In the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work or if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date, the ALJ determined that Ms. Mintz's bipolar disorder, attention deficit disorder, lumbar degenerative disc disease, and obesity constituted severe impairments. [Tr. 21]. The ALJ then found that Ms. Mintz did not have an

2

Case 7:14-cv-00007-BO   Document 27   Filed 04/21/15   Page 2 of 5

impairment or combination of impairments that met or equaled a listing and had a residual functional capacity (RFC) to perform a modified range of sedentary work. [Tr. 21–23]. Specifically, the ALJ found that Ms. Mintz could lift and carry up to 20 pounds occasionally, sit for up to 6 hours in an 8-hour work day, and walk only 2 hours in an 8-hour workday. [Tr. 23]. The ALJ limited Ms. Mintz to simple, routine, repetitive tasks with no production quotas, and only occasional interaction with the general public and coworkers. The ALJ then determined that plaintiff could not perform her past relevant work as an activities therapy assistant, school bus driver, nurse's aide, retail cashier, substitute teacher, and adult companion. [Tr. 29]. Based on the vocational expert's testimony, however, the ALJ determined that jobs exist in significant numbers in the economy that plaintiff could perform. [Tr. 30]. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act. [Tr. 31].

Plaintiff argues that the ALJ erred by finding that her carpal tunnel syndrome and tremors did not cause significant limitations and therefore erred in determining that plaintiff was capable of sedentary work. After reviewing the record, the Court concludes that the record contains substantial evidence supporting the ALJ's decision.

In her decision, the ALJ discussed the evidence relating to plaintiff's carpal tunnel syndrome and tremors and explicitly found that these conditions were not severe. [Tr. 21]. The ALJ's decision is supported by the medical and record evidence. Plaintiff alleged disability onset beginning in 2008, but there is no medical evidence suggesting hand or wrist issues until February 2011. [Tr. 750]. Following plaintiff's 2011 right carpal tunnel release surgery in April 2011, treatment notes indicated that she was doing well, [Tr. 21, 741, 744], and that there were few complaints relating to carpal tunnel syndrome in medical records following the procedure, despite the fact that Ms. Mintz presented to several doctors for treatment of other conditions [Tr.

3

21, 777–78, 832–34]. Moreover, physical examinations in 2009, 2010, and 2011did not note abnormal normal strength and functioning in plaintiff's hands and wrists. [Tr. 474, 594, 597, 600, 606, 686, 744, 747]. The ALJ also discussed evidence relating to Ms. Mintz's complaints of tremors. [Tr. 21]. Though a doctor included a diagnosis of tremors in June and August 2011, no specific treatment was ordered, nor did Ms. Mintz subsequently note any complaints of tremors at any doctor's visit. [Tr. 721, 782]. In addition to the objective medical evidence, Moreover, no medical professional identified any functional limitations with respect to Ms. Mintz's hands or wrists.

Although Ms. Mintz testified that she experienced no relief from the surgery, suffered from shaking hands, and dropped things, the ALJ found that her testimony was inconsistent with the objective medical evidence. [Tr. 21]. The ALJ's decision also is supported by the fact that the record evidence that plaintiff used the computer, played video games, and did not testify to any difficulties with her hands at the second hearing. [Tr. 348, 66–71,]. Given the objective medical evidence, the Court finds that substantial evidence supports the ALJ's findings not only as to Ms. Mintz's credibility, but also as to the finding that plaintiff's carpal tunnel and tremors were not severe impairments.

It is clear that the ALJ properly considered plaintiff's complaints of carpal tunnel syndrome and tremors in making the determination that those conditions were not severe impairments within the meaning of the Act. Accordingly, there is no merit to plaintiff's second argument that SSR 83–14 requires remand. Substantial evidence clearly supports the ALJ's findings, and as such, it is proper to affirm the ALJ's determination that plaintiff is not disabled and is not entitled to benefits.

4

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 20] is DENIED, and defendant's motion for judgment on the pleadings [DE 22] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __17__ day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE